CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 27 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MATTHEW R. DESCAMPS,** | CASE NO. 7:11CV00251 |
| **Plaintiff,** | |
| | MEMORANDUM OPINION |
| vs. | |
| **BUSH, ET AL.,** | By: Glen E. Conrad |
| | Chief United States District Judge |
| **Defendant(s).** | |

Matthew R. Descamps, a federal inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the defendants–prison officials and other federal officers,[1] have violated his constitutional rights by housing him in segregated confinement; confiscating legal documents and postage stamps and otherwise hampering his ability to access the courts; accusing him of crimes he did not commit; and denying him assistance of counsel. He also alleges that he was physically assaulted by correctional officers at the United States Penitentiary Lee County ("USP Lee"), in western Virginia, and that "several inmates in the BOP agree with [him] that [his] life is in danger." He has applied to proceed in forma pauperis. As relief, Descamps seeks to reinstate a prior civil action that was dismissed as frivolous by the United States District Court for the Eastern District of Washington. Upon review of the submissions, the court will summarily dismiss the action.

In fact, Descamps has pursued a multitude of prior lawsuits in the federal courts, so many, in fact, that at least one court has found that he is barred under 28 U.S.C. § 1915(g) from filing any further civil actions without prepayment of the $350.00 filing fee. See Descamps v.

---

[1] The defendants Descamps names in this lawsuit are: "Bush et al.[sic]; BOP [sic]; USP Lee and Warden Zych; USP Florence and Warden Gaurd; SIS Lts. [sic] Florence; USP Lee W. Anders."

Bush, No. CV-07-121-EFS (E.D. Wash. 2007) (dism'd under § 1915(g); Descamps v. Andres, No. CF-91-00277-JLQ (E.D. Wash. 2000) (dism'd under § 1915(d) as frivolous). As part of the statutory section allowing civil litigants to qualify to proceed in forma pauperis, § 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint . . . is filed. . . . Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Smith v. Wang, 370 Fed. App'x 377, 378 (4th Cir. 2010) (unpublished) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (citing other cases).

As an inmate recognized as a "three striker" under § 1915(g), Descamps cannot proceed in this lawsuit without prepaying the $350.00 filing fee unless he demonstrates that he is under imminent danger of serious physical injury. Although Descamps and a fellow inmate have filed affidavits asserting that Descamps is in fear for his life, they fail to allege any facts in support of this conclusory assertion. The complaints that Descamps makes in this action all concern past events, with no indication that any of the alleged violations will reoccur in the future or that any of them places him in imminent danger of suffering physical harm. Therefore, the court concludes that he has not met the standard under § 1915(g) to proceed without prepayment of the filing fee. The action will be summarily dismissed under § 1915(g), based on Descamps' designation as having three-strikes, see Descamps v. Bush, No. CV-07-121-EFS, supra, and his

failure to demonstrate that he is in imminent danger of serious physical harm in relation to the challenged conduct of prison officials.

In any event, Descamps' allegations are also legally frivolous and may be summarily dismissed as such under 28 U.S.C. § 1915A(b)(1). He fails to allege facts indicating that the individuals he has named as defendants were personally involved in any way in the alleged constitutional violations, and the Federal Bureau of Prisons ("BOP") and the various prison facilities he names are not proper defendants under Bivens. See McCloskey v. Mueller, 446 F.3d 262, 271-272 (1st Cir. 2006) ("The Bivens doctrine allows constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law. . . . But the availability of that doctrine does not override bedrock principles of sovereign immunity so as to permit suits against the United States, its agencies, or federal officers sued in their official capacities.") (citations omitted).

For the reasons stated, the court dismisses Descamps's complaint without prejudice, pursuant to § 1915(g), or in the alternative, under § 1915A(b)(1) as frivolous. An appropriate order will enter to this effect.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of June, 2011.

*[signature]*
Chief United States District Judge

3